Opinion delivered June 6, 1888.

## No. 5780.

## JOHN CROOM v. THE STATE.

LOCAL OPTION LAW—INDICTMENT which charges that the accused **sold** intoxicating liquors "after the qualified voters of said county had determined at an election held in accordance with the laws of said State, that the sale *or exchange* of intoxicating liquors should be prohibited," etc., is fatally defective. (Ninenger v. The State, ante, 449, cited and approved.)

APPEAL from the County Court of Palo Pinto. Tried below before the Hon. R. E. Hendry, County Judge.

The conviction in this case was for a violation of the local option law, and the penalty imposed was a fine of twenty-five dollars.

No brief for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. This prosecution was for the sale of intoxicating liquor in violation of the local option law. The indictment follows literally form number 257, Willson's Criminal Forms, page 122, and charges that the sale was made "after the qualified voters of said county had determined at an election held in accordance with the laws of said State that the sale *or exchange* of intoxicating liquors should be prohibited," etc.

In Ninenger v. The State, ante, page 449, it was held that an information charging said offense in this manner was fatally defective. For the reasons for so holding, we refer to the opinion in that case.

Because the indictment in this case is fatally defective, the judgment is reversed and the prosecution dismissed.

*Reversed and dismissed.*